Port Auth. of N.Y. & N.J. v Fleming (2025 NY Slip Op 51923(U))

[*1]

Port Auth. of N.Y. & N.J. v Fleming

2025 NY Slip Op 51923(U)

Decided on December 8, 2025

Civil Court Of The City Of New York, New York County

Greenfield, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through December 09, 2025; it will not be published in the printed Official Reports.

Decided on December 8, 2025
Civil Court of the City of New York, New York County

Port Authority of New York & New Jersey, Plaintiff,

against
Hollister Fleming, Defendant.

Index No. CV-003085-24/NY

Allison R. Greenfield, J.

Recitation, as required by CPLR 2219(a), of the papers considered in review of this motion:
Papers Numbered
Order to Show Cause / Notice of Motion 1
Affidavits/Affirmations annexed 2
Answering Affidavits/Affirmations 3
Reply Affidavits/Affirmations
Memoranda of Law
Other
In this action to recover for unpaid New York and New Jersey bridge and tunnel tolls, plaintiff seeks $2,406.00 in damages. On April 7, 2025, this Court conducted a non-jury trial on the FTR. On April 7, 2025, this Court issued a Decision, Verdict, and Order after Trial, in which it ruled in favor of defendant, finding that the statute of limitations had passed.
Plaintiff now moves to set aside the trial verdict, asserting that the Court erred in raising the statute of limitations sua sponte, and disputing that a three-year statute of limitations applies to Port Authority of New York and New Jersey.
As an initial matter, the Court does not believe it erred in finding that this matter is subject to a three-year statute of limitations. CPLR 214(2) states that the "an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215" must be commenced within three years. Plaintiff is bringing this action pursuant to McKinney's Unconsolidated Laws of NY § 6802 (Payment of tolls and charges). Thus, this is an action to recover a liability or penalty imposed by statute and is subject to a three-year statute of limitations pursuant to CPLR 214(2). This is further supported, albeit in dicta, in Port Auth. of New York & New Jersey v Amigo Tr. LLC, where the Hon. Gerald Lebovitz found that "[i]t seems clear, though, that the liability (and accompanying penalties) for failing to pay these tolls is one imposed by statute. The limitations period for an action to collect unpaid tolls is therefore three years." Port Auth. of New York & New Jersey v Amigo Tr. LLC, 76 Misc 3d 720, 722 (Sup Ct, New York County 2022), adhered to on rearg 76 Misc 3d 1227(A) (Sup Ct, New York County 2022).
However, the Court erred in raising the issue of statute of limitations sua sponte, as the issue was not raised by defendant in his answer or at the time of trial. Horst v Brown, 72 AD3d [*2]434, 435 (1st Dept 2010) ("Supreme Court erred in its sua sponte consideration of [statute of limitations]") (internal quotation marks and citation omitted), appeal dismissed 15 NY3d 743 (2010).
Accordingly, the Court's April 7, 2025 Decision, Verdict, and Order after Trial is hereby vacated, and this matter is restored to the calendar for a new trial.
Accordingly, it is hereby 
ORDERED that plaintiff's motion is granted solely to the extent of vacating this Court's April 7, 2025 Decision, Verdict, and Order after Trial; and it is further
ORDERED that a new trial shall be scheduled at a date and time to be determined by the Clerk.
This constitutes the decision and order of the Court.
DATE December 8, 2025
HON. ALLISON R. GREENFIELD